UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERENCE R. JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF WASHINGTON DEPARTMENT OF LICENSING, et al., <br><br> Defendants. | CASE NO. C18-0147JLR <br><br> ORDER OF DISMISSAL |

## I. INTRODUCTION

Before the court is Plaintiff Terence Johnson's complaint, in which he seeks to remove an administrative action pending before the State of Washington Department of Licensing ("DOL"), arising out of the DOL suspending his driver's license for failure to pay fines associated with a driving under the influence ("DUI") citation. (Compl. (Dkt. # 5).) This is the third time Mr. Johnson has attempted to remove an action to the Western District of Washington that relates to the DOL suspending his driver's license

ORDER - 1

due to the DUI citation. *See City of Kirkland v. Johnson*, No. C15-0084RSM (W.D. Wash. Feb. 13, 2015) (order denying Mr. Johnson's motion for reconsideration for lack of subject matter jurisdiction); *Johnson v. State of Wash. Dep't of Licensing*, No. C15-0446MJP (W.D. Wash. June 22, 2015) (order dismissing case with prejudice for failure to exhaust administrative remedies). Mr. Johnson's complaint raises two issues: (1) whether the DOL administrative hearing process violates the due process guarantees of the United States Constitution (Compl. at 11); and (2) whether the definition of "reasonable" under RCW 46.63.110's traffic fine payment scheme violates the due process guarantees of the United States Constitution (*id.* at 8, 11). Mr. Johnson alleges that the court has federal question jurisdiction over this action. (*Id.* at 3.) For the reasons set forth below, the court DISMISSES this action with prejudice.

## II. BACKGROUND AND ANALYSIS

Section 1915(e)(2)(B) of Title 28 authorizes a district court to dismiss a claim filed *in forma pauperis* ("IFP") "at any time" if it determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Because Mr. Johnson is a *pro se* plaintiff, the court must construe his pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).

Regarding the first issue, Mr. Johnson alleges that, shortly before January 18, 2018, he received a Notice of Suspension from the DOL, suspending his driver's license for failure to pay his DUI court fines. (*See* Compl. at 10.) Mr. Johnson then faxed the DOL a form requesting a "full due process hearing" in order to initiate the administrative

hearing proceeding. (*Id.*) After not hearing back from the DOL by January 30, 2018, Mr. Johnson filed the present action. (*See id.* (showing that Mr. Johnson signed the affidavit attached to his complaint on January 30, 2018).) Although Mr. Johnson's present claim arises from a different DOL proceeding than his previous suits, the rule remain the same: Mr. Johnson must exhaust his administrative remedies before judicial review is appropriate. RCW 34.05.534 ("A person may file a petition for judicial review under this chapter only after exhausting all administrative remedies available within the agency whose action is being challenged.") This requirement necessitates that he first appear for his DOL hearing and obtain a final decision from that agency. *See id.*; *see also Allen v. State Dep't of Licensing*, 279 P.3d 963, 964-65 (Wash. Ct. App. 2012) ("Our review of the [DOL's] decision is governed by the Administrative Procedure Act (APA) . . . We review administrative orders to determine whether the [DOL] committed any errors of law, and findings of fact are upheld if supported by substantial evidence."); *Johnson*, No. C15-0446MJP (R&R (Dkt. # 6) at 3; Order (Dkt. # 8) at 3 (adopting the report and recommendation).) Furthermore, after Mr. Johnson exhausts his administrative remedies before the DOL, any appeal must be taken to a Washington state court. *See, e.g., Chmela v. State Dep't of Motor Vehicles*, 561 P.2d 1085, 1086 (Wash. 1977) (citing RCW 46.29.040).[1] This court therefore cannot hear Mr. Johnson's complaint of his ongoing DOL administrative proceeding.

---

[1] RCW 46.29.040 provides in relevant part: "Any order of the director under the provisions of this chapter [governing financial responsibility] shall be subject to review, at the instance of any party in interest, by appeal to the superior court of Thurston county, or at his or her option to the superior court of the county of his or her residence. The scope of such review

1       As for the second issue, Mr. Johnson asks the court for discovery in order to pursue a declaratory judgment action regarding whether the definition of "reasonable" under RCW 46.63.110's traffic fine payment scheme accords with the due process guarantees of the United States Constitution. (*See* Compl. at 8, 11.) The court declines to hear this issue under the *Younger v. Harris* abstention doctrine. *See* 401 U.S. 37 (1971). "*Younger* abstention requires federal courts to abstain from hearing claims for equitable relief as long as the state proceedings are ongoing, implicate important state interests, and provide an adequate opportunity to raise federal questions." *Buckwalter v. Nev. Bd. of Med. Examiners*, 678 F.3d 737, 747 (9th Cir. 2012); *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433-34 (1982) (holding that *Younger* abstention applies to pending civil and administrative proceedings implicating important state interests); *Samuels v. Mackell*, 401 U.S. 66, 71-72 (1971) (finding that *Younger* abstention applies to actions for declaratory and injunctive relief). The court holds that all three *Younger* requirements are met in this case. First, as discussed above, Mr. Johnson has not exhausted his administrative remedies in this matter. *See supra* § II. Second, the DOL disciplinary action concerning licensing involves important state interests. And third, Washington courts are competent to adjudicate federal constitutional questions. *See Middlesex*, 457 U.S. at 431 ("Minimal respect for the state processes, of course, precludes any *presumption* that state courts will not safeguard federal

---

shall be limited to that prescribed by RCW 7.16.120 governing review by certiorari. Notice of appeal must be filed within thirty days after service of the notice of such order." RCW 46.29.040.

constitutional rights.") The court therefore finds that Mr. Johnson's complaint must be dismissed in its entirety.

The court may dismiss an IFP complaint before service of process under 28 U.S.C. § 1915(d) when the complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face.[2] *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984). When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In this case, Mr. Johnson's complaint attempts to challenge an ongoing administrative proceeding, any appeal of which must be filed in Washington state court. *See Chmela*, 561 P.2d at 1086; RCW 46.29.040. The court therefore does not grant Mr. Johnson leave to amend his complaint because it is "absolutely clear" that no amendment could cure the complaint's defects. *See Johnson*, No. C15-0446MJP (Order at 3 (dismissing complaint with prejudice because no amendment could cure the failure to exhaust the administrative remedies).)

### III. CONCLUSION

For the foregoing reasons, the court DISMISSES this case with prejudice.

Dated this 26th day of February, 2018.

JAMES L. ROBART
United States District Judge

---

[2] Mr. Johnson has already served his complaint on the Defendants (*see* Cert. of Serv. (Dkt. # 3)) even though the court never issued the summons (*see generally* Dkt.).